```
                                          PAGES 1 - 18

              UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    )    COURT OF APPEAL 15-10030
                             )
         PLAINTIFF,          )    NO. CR-14-0094 YGR
                             )
  VS.                        )    THURSDAY, DECEMBER 18, 2014
                             )
CLARENCE LEE ANDREWS,        )    OAKLAND, CALIFORNIA
                             )
         DEFENDANT.          )    SENTENCING
_____)
```

**BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE**

<u>**REPORTER'S TRANSCRIPT OF PROCEEDINGS**</u>

<u>**APPEARANCES:**</u>

| | |
|---|---|
| **FOR PLAINTIFF:** | MELINDA L. HAAG, ESQUIRE<br>UNITED STATES ATTORNEY<br>1301 CLAY STREET, SUITE 340S<br>OAKLAND, CALIFORNIA  94612<br>BY:  BRIGID MARTIN,<br>ASSISTANT UNITED STATES ATTORNEY |
| **FOR DEFENDANT:** | STEVEN KALAR,<br>FEDERAL PUBLIC DEFENDER<br>555 - 12TH STREET, SUSITE 650<br>OAKLAND, CALIFORNIA 94607<br>BY:  ELLEN V. LEONIDA,<br>ASSISTANT FEDERAL PUBLIC DEFENDER |
| **ALSO PRESENT:** | EMILY LIBBY, U.S. PROBATION OFFICER |
| **REPORTED BY:** | DIANE E. SKILLMAN, CSR 4909, RPR, FCRR<br>OFFICIAL COURT REPORTER |

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

```
1    THURSDAY, DECEMBER 18, 2014                        2:28 P.M.
2                      P R O C E E D I N G S
3         THE CLERK:  CALLING CRIMINAL ACTION 14-094 UNITED
4    STATES VERSUS CLARENCE LEE ANDREWS.
5       COUNSEL, PLEASE STATE YOUR APPEARANCES.
6         MS. MARTIN:  GOOD AFTERNOON, YOUR HONOR.  BRIGID
7    MARTIN FOR THE UNITED STATES.
8         MS. LEONIDA:  GOOD AFTERNOON, YOUR HONOR.  ELLEN
9    LEONIDA WITH MR. ANDREWS.  HE'S PRESENT IN CUSTODY.
10        PROBATION OFFICER:  GOOD AFTERNOON, YOUR HONOR.
11   EMILY LIBBY WITH PROBATION.
12        THE COURT:  GOOD AFTERNOON.
13      MR. ANDREWS, THIS IS THE DAY WE SET FOR YOUR SENTENCING.
14      ARE YOU PREPARED TO MOVE FORWARD?
15        THE DEFENDANT:  YES.
16        THE COURT:  IN PREPARATION FOR YOUR SENTENCING, THE
17   COURT HAS REVIEWED AND CONSIDERED THE FOLLOWING:  THE REVISED
18   PRESENTENCE INVESTIGATION REPORT WHICH WAS PREPARED ON
19   MAY 1ST, 2014, REVISED ON DECEMBER 16TH, 2014, AND DISCLOSED
20   TO THE PARTIES ON JUNE 3RD.
21      MY UNDERSTANDING IS THAT THE REVISIONS WERE ALSO
22   COMMUNICATED TO THE PARTIES; IS THAT CORRECT, MS. LIBBY?
23        PROBATION OFFICER:  YES, YOUR HONOR.
24        THE COURT:  THIS REPORT INCLUDES AN ADDENDUM WHICH
25   INDICATES --
```

1     WHOEVER HAS THAT PHONE MUST LEAVE THE COURTROOM NOW.

2     NOW.

3     IF YOU HAVEN'T CHECKED YOUR PHONES, DO SO.  THESE ARE

4  SERIOUS PROCEEDINGS AND THEY SHOULD NOT BE INTERRUPTED.

5     IT INCLUDES AN ADDENDUM, SIR, WHICH INDICATES THAT TO THE

6  EXTENT THERE WERE ANY OBJECTIONS, THOSE WERE RESOLVED.  AND A

7  REVISED SENTENCING RECOMMENDATION.

8     I WILL NOTE THAT THE COURT REVIEWED THIS WITH PROBATION

9  AND AN ERROR WAS DISCOVERED.  THAT WAS COMMUNICATED THIS

10  MORNING TO THE PARTIES.  THE OFFENSE LEVEL HERE IS NOT 32, BUT

11  31.

12     I ALSO CONSIDERED THE DEFENDANT'S SENTENCING MEMORANDUM,

13  WHICH I ALLOWED TO BE FILED UNDER SEAL, BUT I WILL DISCUSS

14  THAT BECAUSE IT IS NOT CLEAR TO ME WHY THE REQUEST WAS MADE.

15  AND THE 12 LETTERS THAT WERE ATTACHED.  THE UNITED STATES

16  SENTENCING MEMORANDUM AND THE SEALED EXHIBITS WHICH WERE

17  PROVIDED TO THE COURT.  I RECEIVED, MR. ANDREWS, A COPY OF

18  YOUR LETTER THAT YOU SENT TO THE COURT, READ AND CONSIDERED

19  THAT AS WELL.

20     AS A STARTING POINT FOR THE COURT'S ANALYSIS AS TO WHAT IS

21  AN APPROPRIATE SENTENCE, THE COURT LOOKS TO THE SENTENCING

22  GUIDELINES.  IN THIS CASE, GIVEN THE SIGNIFICANT AMOUNT OF

23  VIOLENCE, WE ARE NOT ONLY DEALING WITH A CAREER OFFENDER HERE,

24  BUT I HAVE A TOTAL ADJUSTED LEVEL OF 31, WITH A CRIMINAL

25  HISTORY CATEGORY OF -- IT WOULD BE VI FOR THE CAREER OFFENDER

1   STATUS, WHICH PUTS THE GUIDELINE RANGE AT 188 TO 235 MONTHS.
2       THIS CASE INVOLVED OVER 30 ROBBERIES, NUMEROUS VICTIMS,
3   PEOPLE WHO HAD GUNS PUT TO THEIR HEADS, PEOPLE WHO WERE HURT,
4   PEOPLE WHO WERE LURED INTO ROBBERY SITUATIONS, PREMEDITATION,
5   PICKED UP AT THE AIRPORT IN LIMOUSINES OR OTHER CARS, AND THEN
6   ASSAULTED.  THAT'S WHAT THIS CASE INVOLVES.
7       WHAT IS THE GOVERNMENT'S PERSPECTIVE AT THIS POINT IN
8   LIGHT OF THE REVISION TO THE GUIDELINE?
9           **MS. MARTIN:**  THE GOVERNMENT STILL THINKS THAT A
10  SENTENCE OF 210 MONTHS IS APPROPRIATE IN THIS CASE.
11      THE GOVERNMENT DID ALSO TAKE INTO CONSIDERATION WHAT IT
12  BELIEVED THAT THE GUIDELINES WERE INITIALLY, WHICH WAS
13  SLIGHTLY HIGHER THAN WHAT THEY ARE NOW, HOWEVER, IT FELT LONG
14  AND HARD ABOUT WHERE TO RECOMMEND WITHIN THAT GUIDELINE RANGE.
15  AND ULTIMATELY THE GOVERNMENT BELIEVED THAT ANY SENTENCE BELOW
16  210 MONTHS, WHETHER OR NOT THAT WAS AT THE LOW END OF THE
17  GUIDELINES PREVIOUSLY OR HIGHER THAN THE LOW END OF THE
18  GUIDELINES NOW IS APPROPRIATE.  BECAUSE THAT WOULD AMOUNT TO
19  JUST UNDER ONE YEAR FOR EACH OF THE ROBBERIES, ESSENTIALLY,
20  THAT TOOK PLACE IN THIS CASE.
21      THE GOVERNMENT ALSO TOOK INTO ACCOUNT WHEN CONSIDERING
22  THAT IN THINKING IS THIS TOO LOW A SENTENCE TO RECOMMEND, THE
23  DEFENDANT'S AGE AND THE DEFENDANT'S WILLINGNESS TO COME IN
24  EARLY AND ACCEPT A GUILTY PLEA EARLY ON.
25      SO ALL THOSE THINGS CONSIDERED, I THINK 210 MONTHS IS A

```
1    VERY SIGNIFICANT SENTENCE BUT IS ALSO TAILORED TO THIS
2    PARTICULAR DEFENDANT.
3         AND I KNOW THAT THERE WERE MANY ROBBERIES THAT TOOK PLACE
4    IN THIS PARTICULAR CASE, BUT AT SOME POINT ADDING ON
5    ADDITIONAL TIME DOESN'T NECESSARILY DETER THIS DEFENDANT OR
6    GIVE HIM A CHANCE TO REHABILITATE ANY MORE.
7              THE COURT:  PROBATION?
8              PROBATION OFFICER:  YOUR HONOR, OUR RECOMMENDATION
9    ALSO REMAINS THE SAME.
10             THE COURT:  I UNDERSTAND FROM THE DEFENSE THAT THEY
11   ARE ASKING FOR 96 MONTHS; IS THAT CORRECT?
12             MS. LEONIDA:  YES, YOUR HONOR.
13             THE COURT:  I'M GOING TO LET EACH OF YOU ARGUE.  I
14   CAN TELL YOU, MS. LEONIDA, IF YOU WANT TO HELP YOUR CLIENT,
15   THAT 96 MONTHS IS A NONSTARTER.  YOU ARGUE THAT, IT WILL NOT
16   IMPACT MY DECISION.
17        WHEN I WAS LOOKING AT THE AMOUNT OF VIOLENCE THAT IS
18   AFFILIATED WITH THIS INDIVIDUAL, NOTWITHSTANDING THE FACT THAT
19   HE APPARENTLY LOVES HIS FAMILY VERY MUCH AND IS GOOD TO PEOPLE
20   HE KNOWS, AND I SAW THE GUIDELINE RANGE, AT WHAT THE PARTIES
21   THOUGHT WAS 210 MONTHS TO 262 MONTHS, THE FIRST ISSUE THAT
22   WENT THROUGH MY MIND WAS -- I DON'T UNDERSTAND WHY WE ARE AT
23   210.  THIS IS A HIGH-LEVEL OFFENSE.  HIGH LEVEL.
24        SO I START AT THE HIGH END OF THE GUIDELINES.  I EVEN AT
25   ONE POINT, AS I READ THROUGH THIS, CONSIDERED GOING ABOVE THE
```

1   GUIDELINES.
2       ON ONE OF THESE CRIMES, STORE EMPLOYEES WERE ATTACKED WITH
3   SEMIAUTOMATIC HANDGUNS.  A SLEDGEHAMMER TAKEN TO THE JEWELRY
4   STORE.  ANOTHER VICTIM WAS LURED TO TAKE A FLIGHT DOWN.
5   VICTIM FLIES IN.  HE'S PICKED UP IN A LIMOUSINE.  THE VEHICLE
6   STOPS.  TWO ARMED SUBJECTS ENTER THE LIMO.  THEY HIT THE
7   VICTIM ON THE NOSE WITH THE BUTT OF THE PISTOL AND THEN TAKE
8   THE ITEMS.
9       SAME HAPPENED TO ANOTHER WOMAN.  SHE FLIES IN.  TWO PEOPLE
10  GET IN.  HANDGUN, PUSH HER HEAD DOWN, TAKE EVERYTHING SHE HAS.
11  THIRTY ROBBERIES.  PREMEDITATED.
12      AS I UNDERSTAND IT, THE RELATED CASE HERE INVOLVED A
13  NUMBER OF INDIVIDUALS.  TWO YOUNG MEN WHO NEVER HAD A CRIMINAL
14  BACKGROUND WERE CONVINCED BY YOU TO GET INVOLVED.  THEY ARE
15  NOW SERVING SIGNIFICANT PRISON SENTENCES.
16      YOU CAME OUT AND WERE GIVEN INCREDIBLE OPPORTUNITIES.  YOU
17  WERE MAKING 43, $44 AN HOUR IN A JOB, AND THAT WASN'T ENOUGH.
18  INSTEAD YOU HAD TO TERRORIZE PEOPLE.
19      DO YOU WANT TO RESPOND?
20          **MS. LEONIDA:**  YES, YOUR HONOR.
21      THERE IS OBVIOUSLY NO EXCUSE OR JUSTIFICATION FOR THE
22  CRIMES THAT MR. ANDREWS COMMITTED.  HE HAS ADMITTED THAT HE
23  WAS A PART OF THIS CONSPIRACY WITH A NUMBER OF OTHER PEOPLE.
24  BUT THE GUIDELINES -- THE GUIDELINES ARE VERY HIGH, AND THEY
25  REFLECT --

|   |   |
|---|---|
| 1 | **THE COURT:** I JUST SENTENCED SOMEONE TO 180 MONTHS |
| 2 | WHO DIDN'T HAVE ANY VIOLENT BACKGROUND.  HOW ABOUT EVERY |
| 3 | SINGLE INDIVIDUAL WHO HE HARMED?  IF HE HAD BEEN CONVICTED |
| 4 | AFTER ONE OF THESE, HE WOULD HAVE GOTTEN MORE THAN A YEAR. |
| 5 | OVER 30.  AND THE VIOLENCE APPARENTLY DIDN'T DETER HIM BECAUSE |
| 6 | HE WENT BACK AGAIN, AND AGAIN, AND AGAIN, AND AGAIN, AND |
| 7 | AGAIN, AND THEN AGAIN, AND AGAIN, AND AGAIN, AND AGAIN, AND IT |
| 8 | CONTINUES THREE TIMES, FOUR TIMES THAT.  AND YOU'RE SAYING 96 |
| 9 | MONTHS? |
| 10 | **MS. LEONIDA:** THAT WAS OUR REQUEST, YOUR HONOR. |
| 11 | I UNDERSTAND THE COURT IS NOT INCLINED TO GIVE ANYTHING |
| 12 | CLOSE TO 96 MONTHS.  AND OBVIOUSLY THE COURT WILL DECIDE ON AN |
| 13 | APPROPRIATE SENTENCE, BUT I DO WANT TO DISCUSS ALSO THE OTHER |
| 14 | FACTORS THAT THE SENTENCING COMMISSION THAT ARE STATUTORILY |
| 15 | REQUIRED FOR THIS COURT TO CONSIDER. |
| 16 | THE SENTENCE HAS TO OBVIOUSLY REFLECT THE SERIOUSNESS OF |
| 17 | THIS CRIME -- |
| 18 | **THE COURT:** THAT'S RIGHT.  SO LET'S TALK ABOUT THIS. |
| 19 | LET'S TALK ABOUT THIS. |
| 20 | HE WAS GIVEN A STABLE JOB.  HE HAD A LOVING WIFE AND A |
| 21 | YOUNG FAMILY.  AND YET THAT DIDN'T MOTIVATE HIM TO NOT HARM |
| 22 | THOSE 30 PEOPLE. |
| 23 | HE HAD BEEN INCARCERATED BEFORE, AND YET PRIOR |
| 24 | INCARCERATIONS DID NOT IMPACT HIS PROMOTE FOR RESPECT FOR THE |
| 25 | LAW OR ADEQUATELY DETER HIM DESPITE THE OPPORTUNITIES THAT |

1  WERE GIVEN.
2      AND HOW ABOUT THE PUBLIC?  HOW ABOUT THE PUBLIC?  I HAVE A
3  DUTY AND AN OBLIGATION TO PROTECT THEM AND HAVE NO CONFIDENCE
4  GIVEN HIS BACKGROUND, GIVEN HIS ACTIONS, GIVEN HIS CHOICES
5  THAT HE WILL NOT HURT MORE PEOPLE.
6      NOW DO YOU SEE WHY I'M WONDERING WHETHER EVEN 210 IS
7  SUFFICIENT FOR THIS INDIVIDUAL?
8      YOU MAY PROCEED.
9          **MS. LEONIDA:**  WE SUBMITTED A NUMBER OF LETTERS ON
10 MR. ANDREWS' BEHALF, AND MANY OF THE PEOPLE WHO WROTE LETTERS
11 AS WELL AS OTHER PEOPLE ARE PRESENT IN COURT TO SUPPORT HIM.
12 THEY HAVE FILLED UP THE LEFT SIDE OF THE COURTROOM.
13     AND I SAY THIS BECAUSE IT DOES SHOW THAT HE IS NOT BEYOND
14 REDEMPTION.  HE DID HAVE A GOOD JOB AND HE WAS ABLE TO SUCCEED
15 IN THE TRAINING PROGRAM AND TO PERFORM HIS DUTIES.  HE LOST
16 THE JOB BEFORE THIS STARTED, WHICH IS NOT AN EXCUSE, BUT IT IS
17 WHAT HAPPENED.
18     THE POINT THAT I'M TRYING TO MAKE WITH THESE LETTERS AND
19 THAT THESE PEOPLE ARE ALL HERE HOPING THE COURT WILL
20 UNDERSTAND IS THAT THERE IS MORE TO MR. ANDREWS THAN THE
21 CRIMES THAT HE HAS COMMITTED.  HE IS DEVOTED TO HIS FAMILY.
22 HE DOES HAVE A HISTORY OF VOLUNTEERING IN THE COMMUNITY --
23         **THE COURT:**  LET ME ASK YOU, MS. LEONIDA, DO THEY ALL
24 KNOW HOW MUCH VIOLENCE HE INFLICTED ON ALL THOSE INDIVIDUALS?
25 DID YOU TELL THEM THAT?

1        **MS. LEONIDA:**  THEY ARE AWARE OF THE CHARGES.

2        **THE COURT:**  I UNDERSTAND THEY ARE AWARE OF THE

3   CHARGES.  ARE THEY AWARE OF THE VIOLENCE?

4        **MS. LEONIDA:**  I DID NOT SHARE THE DISCOVERY WITH

5   THEM, NO.

6        **THE COURT:**  PROCEED.

7        **MS. LEONIDA:**  BUT THEY ARE AWARE OF THE CHARGES.

8   THEY ARE STILL IN COURT HAVING HEARD YOUR HONOR DESCRIBE THE

9   CONDUCT AT ISSUE.  AND I DON'T THINK THAT IT CHANGES THEIR

10  PERSPECTIVE.

11     THEY DO DEMONSTRATE -- THESE ARE MEMBERS OF THE COMMUNITY.

12  THEY CAME TO MR. ANDREWS' DETENTION HEARING AS WELL, SO I KNOW

13  THEY ARE WORKING PEOPLE, THEY ARE RESPONSIBLE PEOPLE.  THEY

14  TOOK TIME OFF WORK TO COME HERE AND SUPPORT HIM KNOWING WHAT

15  HE WAS THEN CHARGED WITH AND WHAT HAS NOW BEEN CONVICTED OF BY

16  HIS OWN ADMISSION.

17     I THINK IT IS SIGNIFICANT AND THAT IT SHOWS THAT HE DOES

18  HAVE THE POTENTIAL TO COME OUT OF PRISON AND BE A POSITIVE

19  CONTRIBUTING MEMBER OF SOCIETY.

20       **THE COURT:**  MS. MARTIN.

21       **MS. MARTIN:**  YES, YOUR HONOR.

22       **THE COURT:**  ANYTHING TO ADD TO YOUR PAPERS?

23       **MS. MARTIN:**  NOT TO ADD TO MY PAPERS, NO, YOUR HONOR.

24  SUBMITTED.

25       **THE COURT:**  MR. ANDREWS, YOU HAVE THE RIGHT TO

|   |   |
|---|---|
| 1 | ADDRESS THE COURT DURING YOUR SENTENCING.  YOU'VE OBVIOUSLY |
| 2 | HEARD MY COMMENTS.  WOULD YOU LIKE TO DO SO? |
| 3 | **THE DEFENDANT:**  YES. |
| 4 | **THE COURT:**  ALL RIGHT.  I WILL HAVE YOU STAND IN |
| 5 | FRONT OF THE MIC, PLEASE. |
| 6 | **THE DEFENDANT:**  I HEAR ALL THE THINGS THAT I'VE BEEN |
| 7 | CHARGED WITH AND THE THINGS THAT I HAVE DONE.  I AM OBVIOUSLY |
| 8 | NOT PROUD OF THAT STUFF. |
| 9 | THIS IS DIFFICULT FOR ME, I MEAN, IN LIGHT OF THE |
| 10 | SITUATION.  I DON'T PRETEND THAT I WAS RIGHT IN ANY SORT OF |
| 11 | WAY.  BUT I STILL LOVE LIFE.  I LOVE MY FREEDOM. |
| 12 | (PAUSE IN THE PROCEEDINGS.) |
| 13 | I CAN'T TAKE AWAY FROM WHAT WAS DONE, BUT I CAN ONLY |
| 14 | OFFER, YOU KNOW, WHAT I AM AND I'M MORE THAN WHAT'S ON THAT |
| 15 | PAPER.  I'M -- GIVE ME A SEC BECAUSE THIS IS A LOT. |
| 16 | (PAUSE IN THE PROCEEDINGS.) |
| 17 | LIKE MS. LEONIDA SAID AND I ADDRESSED IN MY LETTER, YOU |
| 18 | KNOW, I HAD ENOUGH TIME TO CONSIDER THE HARM THAT I'VE DONE, |
| 19 | AND IT'S OVERWHELMING.  LIKE I SAID, I CAN'T PUT BACK, I CAN'T |
| 20 | REPLACE.  ALL I CAN ATTEMPT TO DO IS GIVE MYSELF. |
| 21 | I HAVE A SON.  I'M BRINGING HIM UP A LOT BECAUSE I WAS |
| 22 | SOMEBODY'S SON AND I WAS LEFT OUT.  I DON'T... I'M JUST... |
| 23 | I'VE COME TO A POINT I'M TIRED OF TAKING; TAKING FROM MY |
| 24 | FAMILY, TAKING FROM PEOPLE.  I JUST WANT AN OPPORTUNITY, A |
| 25 | LAST OPPORTUNITY.  I AM 40 YEARS OLD, YOU KNOW, ON PAPER AND |

1   IN ACTUAL LIFE, I'VE BECOME A LOSER.  AND THAT'S NOT WHO I AM.
2       I WAS GIVEN A LOT IN LIFE, BUT I HAVEN'T REFLECTED THAT.
3   A LOT OF THE THINGS I WAS THINKING ABOUT AND GOING THROUGH,
4   THE VERY THINGS I WAS TRYING TO SAVE, I WAS LOSING AND
5   CARRYING ON WITH MY ACTIONS, BUT I COULDN'T SEE THAT THEN.
6       EVEN THIS TIME HERE IT... IT'S -- I HAVE DONE TIME BEFORE.
7   LIKE -- LIKE ON -- LIKE YOU STATED, BUT NONE HAS BEEN LIKE
8   THIS.
9       I DROPPED MY SON.  I DON'T KNOW IF YOU HAVE CHILDREN, BUT
10  IF -- YOU COULDN'T CONSIDER -- COULDN'T IMAGINE DROPPING YOUR
11  BABY.  IT FEELS LIKE I DROPPED MY SON AS AN INFANT, AND TO
12  PICK HIM UP, YOU -- THAT WOULDN'T BE REPEATED.  YOU COULDN'T
13  REPEAT.  YOU MAKE ALL... ALL... THIS IS HARD, MAN.  THIS IS
14  HARD.
15              (PAUSE IN THE PROCEEDINGS.)
16      I JUST WANT A CHANCE TO RIGHT SOME WRONGS.  I KNOW YOU
17  COULD -- I KNOW YOU CAN SEND ME AWAY FOR A LONG TIME, AND YOU
18  HAVE EVERY RIGHT.  I WOULDN'T ARGUE THAT.  I DON'T EVEN HAVE
19  NOTHING.  I MEAN, I DON'T HAVE NOTHING AT ALL TO SAY IN
20  REGARDS TO THAT.  I JUST BEG, PLEASE, GIVE ME AN OPPORTUNITY
21  TO GIVE BACK.
22      I DON'T WANT TO BE PUT ON THE SHELF FOREVER NOT BEING ABLE
23  TO AT LEAST ATTEMPT TO GIVE BACK.  I AM NO ANGEL AT ALL.  BUT
24  I'M NOT A DEMON.  I'M HUMAN.  AND EVERY TIME PRIOR TO THIS
25  THAT I'VE EVER GOT IN TROUBLE, I NEVER LOST THIS MUCH.

1          SO I UNDERSTAND AND CAN ONLY IMAGINE HOW OTHER PEOPLE FELT
2    THAT HAVEN'T DONE ANYTHING TO LOSE PEACE OF MIND, PROPERTY.
3                    (PAUSE IN THE PROCEEDINGS.)
4        I'M NERVOUS AND I CAN'T EVEN -- I CAN'T SPEAK MY MIND LIKE
5    I WANT TO.  THERE'S THINGS I WANT TO SAY, BUT I'M CONSTANTLY
6    BEING CHOKED UP BY WHAT I'M FACING.
7        I DON'T DESERVE ANYTHING, BUT I STILL WANT TO ASK FOR A
8    LENIENCE, PLEASE.  I'M NOT A YOUNG MAN.  I'M JUST TIRED OF
9    TAKING.  SIMPLY PUT, I'M TIRED OF TAKING AND, I DON'T KNOW HOW
10   ELSE TO SAY THAT.
11       I HAVE APOLOGIZED EVERY WAY I KNOW HOW FOR THIS STUFF.
12   AND THE ONLY TRUE APOLOGY THAT I CAN DO IS PUT IT INTO ACTION.
13   YOU KNOW THE GOODNESS THAT I HAVE IN ME.  I'M CAPABLE OF IT.
14   I AM NOT WITHOUT SKILLS.  A LOT OF STUFF WAS DONE OUT OF
15   IGNORANCE.  I AM SAYING LIKE KNOWING TRULY HOW YOU AFFECT
16   FOLK, LIKE CAUGHT UP WITH -- OH GOODNESS.
17                    (PAUSE IN THE PROCEEDINGS.)
18       JESUS. I'M SORRY.  I'M SORRY.  I'M SORRY.  THAT IS JUST
19   THE STATE I'M IN.  BUT I HAVE COME TO GRIPS WITH WHAT'S GOING
20   ON.
21       I DON'T EVEN -- I JUST DON'T WANT -- I DON'T WANT TO TAKE
22   AGAIN IN ANY ASPECT.  I KNOW IF I'M GIVEN THIS AMOUNT OF TIME
23   ANYWHERE, I DON'T KNOW WHAT I WOULD HAVE TO GIVE, YOU KNOW.  I
24   DON'T WANT TO -- ALL I HAVE IS MY SPIRIT.  AND I DON'T NEED IT
25   TO BE BROKE.  I DON'T KNOW WHAT I WOULD BECOME THEN.

```
 1          AGAIN, I DON'T DESERVE ANYTHING.  I AM JUST ASKING FOR
 2   TIME TO ATTEMPT TO SAVE MY OWN, MY SON THAT -- THAT -- BECAUSE
 3   I DON'T WANT HIM HERE EVER IN FRONT OF ANYBODY BEGGING FOR HIS
 4   LIFE.
 5                      (PAUSE IN THE PROCEEDINGS.)
 6      AND IF THERE IS ANY WAY I CAN DO ANYTHING FOR ANY OF THESE
 7   PEOPLE, I WOULD BE WILLING.  I WOULD ASK THEM TO FORGIVE ME
 8   FIRST, YOU KNOW.
 9                      (PAUSE IN THE PROCEEDINGS.)
10           THE COURT:  IS THAT ALL, MR. ANDREWS?
11           THE DEFENDANT:  YES.
12           THE COURT:  OKAY.  IS THERE ANY REASON WHY SENTENCE
13   SHOULD NOT NOW BE IMPOSED?
14           MS. MARTIN:  NO, YOUR HONOR.
15           MS. LEONIDA:  NO, YOUR HONOR.
16           THE COURT:  MR. ANDREWS, LIFE IS LONG, BUT THE
17   CHOICES THAT YOU HAVE MADE IN YOUR LIFE AND THE PEOPLE WHOSE
18   LIVES YOU HAVE PERSONALLY CHOSEN TO IMPACT IN SUCH NEGATIVE
19   WAYS, INCLUDING BY MATERIALLY ASSISTING OTHERS TO NOW HAVE
20   FELONY RECORDS FOR THE FIRST TIME IN THEIR LIVES, INCLUDING
21   THE TRAUMA; THINK ABOUT YOUR WIFE OR YOUR CHILD HAVING SOMEONE
22   PUT A GUN TO THEIR HEAD, AND PERHAPS YOU CAN BEGIN TO
23   UNDERSTAND HOW ALL OF THESE VICTIMS FELT ABOUT YOUR CONDUCT,
24   AND THE DAYS AND DAYS AND DAYS, AND THE NIGHTMARES AND THE
25   SLEEPLESS NIGHTS THAT THEY MUST BE ENDURING BECAUSE OF THE
```

```
 1    CHOICES THAT YOU MADE.
 2         THE COURT TAKES THAT CONDUCT INCREDIBLY SERIOUSLY, AND IT
 3    HAS AN OBLIGATION TO PROTECT.  BECAUSE WHILE I DON'T THINK
 4    THAT YOU'RE A DEMON, ALL OF US HAVE GOOD AND BAD VOICES IN US.
 5    AND YOU HAVE NOT SHOWN A CAPACITY OR AN ABILITY OR A
 6    WILLINGNESS TO LISTEN TO THE GOOD VOICES IN YOUR OWN HEAD.
 7    AND SO YOU HAVE CHOSEN TO ACT CONTRARY TO THAT.
 8         NOW, I UNDERSTAND AND BELIEVE ALL OF THESE LETTERS FROM
 9    ALL OF THESE INDIVIDUALS WHO SAY THAT YOU HAVE SOME GOODNESS
10    IN YOU.  AND THAT'S WHY I SAY, I DON'T THINK YOU'RE A DEMON.
11    I THINK THAT THERE ARE GOOD PARTS, JUST -- AND I HAVE
12    TESTIMONY TO THAT FROM ALL OF THOSE INDIVIDUALS.  BUT THAT
13    DOESN'T OVERSHADOW WHAT HAS TO BE DONE TO MAKE SURE THAT
14    EVERYBODY WHO KNOWS YOU AND EVERYBODY FROM YOUR COMMUNITY
15    UNDERSTANDS THAT WHEN YOU CHOOSE TO VICTIMIZE PEOPLE, THERE IS
16    A PRICE.  AND IN FEDERAL COURT THE PRICE IS HIGH.
17         AND SO EVERYONE SHOULD KNOW THAT IF YOU GET -- IF YOU
18    CHOOSE TO DO THESE KINDS OF ACTIONS THAT BECOME FEDERAL
19    OFFENSES, YOU GO AWAY FOR A WHILE.  YOU LOSE YOUR RIGHT TO
20    HAVE FREEDOM.  YOU LOSE YOUR RIGHT TO WATCH YOUR SON GROW UP.
21         THERE WAS ONE LETTER IN HERE FROM A YOUNG MAN WHO
22    EXPLAINED TO THE COURT THAT YOU KEPT TELLING HIM, DON'T, DON'T
23    DO THINGS STUPID.  DON'T DO IT LIKE I DO.  YOU ARE ONLY GOING
24    TO GET TIME IN PRISON.  AND YOU HAVE KEPT HIM ON THE STRAIGHT
25    AND NARROW.  AND THAT'S A GOOD THING.  BUT YOU DIDN'T EVEN
```

1   LISTEN TO YOUR OWN WORDS.  SO YOU'RE GOING TO HAVE TO FIGURE
2   OUT HOW TO SPEND THE TIME PRODUCTIVELY WHILE YOU WAIT TO
3   REGAIN YOUR FREEDOM.
4        IT'S INTERESTING TO ME THE WORDS THAT YOU CHOSE.  AND I
5   UNDERSTAND YOU'RE NERVOUS.  BUT IT WAS STILL VERY SELF
6   CENTRIC, "MY LIFE", "MY FREEDOM", "MY SON".
7        THERE'S A LOT OF PEOPLE OUT THERE THAT YOU HURT, AND YET
8   YOU CHOSE NOT TO FOCUS ON THEM.  AND I UNDERSTAND.  IT'S YOU
9   WHO IS LOOKING AT THE TIME.  BUT THE REHABILITATION AND THE
10  REMORSE FIRST COMES FROM UNDERSTANDING, IN PART, WHAT YOU DID
11  TO OTHERS.
12       I WILL NOT GIVE YOU AN ABOVE-GUIDELINE SENTENCE IN NO
13  SMALL PART BECAUSE OF THE SUPPORT THAT YOU HAVE FROM YOUR
14  FAMILY WHO ASSURE ME THAT YOU ARE NOT ALL BAD.  BUT I DO
15  IMPOSE THE FOLLOWING SENTENCE TO MAKE IT CLEAR TO EVERYONE
16  THAT IF YOU CHOOSE TO ENGAGE IN THIS CONDUCT, YOU WILL SERVE A
17  SIGNIFICANT AMOUNT OF TIME TO PROTECT THE PUBLIC, TO REFLECT
18  THE SERIOUSNESS OF WHAT YOU HAVE DONE, TO PROMOTE THE RESPECT
19  FOR THE LAW THAT IS REQUIRED, AND AS A REFLECTION OF THE FACT
20  THAT YOU HAVE, DESPITE THE FACT THAT YOU HAVE BEEN GIVEN
21  OPPORTUNITIES, THAT YOU HAD A STABLE LIFE, THAT YOU HAD A
22  YOUNG WIFE AND A YOUNG CHILD AND YET STILL COULD NOT CONTROL
23  YOUR IMPULSE TO HURT OTHERS; THAT FOR INDIVIDUALS LIKE THAT
24  FOR A PERIOD OF TIME THEIR FREEDOM IS LOST.
25       PURSUANT TO THE SENTENCING REFORM ACT OF 1984, IT IS THE

```
 1    JUDGMENT OF THIS COURT THAT CLARENCE ANDREWS BE COMMITTED TO
 2    THE BUREAU OF PRISONS FOR A TERM OF 210 MONTHS.
 3         THE COURT RECOMMENDS THAT HE PARTICIPATE IN THE BUREAU'S
 4    RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM; THAT UPON FROM
 5    IMPRISONMENT, HE BE PLACED ON TERM THREE YEARS OF SUPERVISED
 6    RELEASE.
 7         WITHIN 72 HOURS OF RELEASE, THE DEFENDANT SHALL REPORT IN
 8    PERSON TO PROBATION IN THE OFFICE -- IN THE PROBATION OFFICE
 9    IN THE DISTRICT IN WHICH HE IS RELEASED.
10         WHILE ON SUPERVISED RELEASE, HE SHALL NOT COMMIT ANOTHER
11    FEDERAL, STATE, OR LOCAL CRIME, SHALL COMPLY WITH STANDARD
12    CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT, SHALL REFRAIN
13    FROM ANY UNLAWFUL USE OF CONTROLLED SUBSTANCES, AND SUBMIT TO
14    A DRUG TEST WITHIN 15 DAYS OF RELEASE.
15         YOU SHALL PARTICIPATE WHILE ON SUPERVISED RELEASE IN A
16    DRUG TREATMENT AND TESTING PROGRAM.  YOU SHALL ABSTAIN FROM
17    THE USE OF ALCOHOLIC BEVERAGES.
18         YOU SHALL PAY RESTITUTION IN THE AMOUNT OF $52,238.26.
19    YOU SHALL NOT OPEN ANY LINES OF CREDIT OR INCUR ANY NEW DEBT
20    WITHOUT PRIOR PERMISSION OF PROBATION.  YOU SHALL PROVIDE
21    PROBATION WITH ACCESS TO ALL YOUR FINANCIAL INFORMATION
22    INCLUDING TAX RETURNS.
23         YOU SHALL COOPERATE IN THE COLLECTION OF DNA AS DIRECTED
24    BY PROBATION.
25         FOR THE REST OF YOUR LIFE, MR. ANDREWS, YOU HAVE LOST YOUR
```

```
 1   RIGHT TO OWN OR POSSESS ANY FIREARMS, DESTRUCTIVE DEVICES, OR
 2   DANGEROUS WEAPONS.
 3        YOU MUST PAY A MANDATORY FINE OF $100 OR SPECIAL
 4   ASSESSMENT.  THE COURT FINDS YOU DO NOT HAVE THE ABILITY TO
 5   PAY A FINE, AND SO ALL FINES ARE WAIVED.
 6        WHILE YOU ARE ON SUPERVISED RELEASE, YOU MUST SUBMIT YOUR
 7   PERSON, RESIDENCE, OFFICE, VEHICLE, OR ANY PROPERTY UNDER YOUR
 8   CONTROL TO SEARCH WHENEVER ASKED BY A UNITED STATES PROBATION
 9   OFFICER, OR ANY FEDERAL, STATE, OR LOCAL LAW ENFORCEMENT
10   OFFICER -- STRIKE THAT.
11        YOU SHALL SUBMIT YOUR PERSON, RESIDENCE, OFFICE, VEHICLE,
12   OR ANY PROPERTY UNDER YOUR CONTROL TO SEARCH.  SUCH SEARCH
13   SHALL BE CONDUCTED BY A UNITED STATES PROBATION OFFICER AT A
14   REASONABLE TIME AND IN A REASONABLE MANNER BASED UPON
15   REASONABLE SUSPICION OF CONTRABAND OR EVIDENCE OF A VIOLATION
16   OF CONDITION OF RELEASE.  FAILURE TO SUBMIT TO SUCH A SEARCH
17   CAN BE GROUNDS FOR REVOCATION, AND YOU MUST WARN RESIDENTS
18   WITH WHOM YOU LIVE THAT YOU ARE SUBJECT TO THAT CONDITION.
19        SUPERVISED RELEASE SHALL BE FOR A PERIOD OF THREE YEARS.
20        SEVENTEEN AND A HALF YEARS IS ABOUT THREE TIMES MORE THAN
21   YOU'VE EVER SPENT INCARCERATED.  IT'S ABOUT SEVEN MONTHS FOR
22   EVERY ROBBERY YOU COMMITTED, WHICH, GIVEN THE CIRCUMSTANCES
23   AND THE VIOLENCE, I THINK IS QUITE REASONABLE.  BUT NOT -- AND
24   SUFFICIENT, BUT NOT GREATER THAN NECESSARY UNDER THE
25   CIRCUMSTANCES.
```

```
 1            WE ARE ADJOURNED.  COURT WILL TAKE A SHORT RECESS.
 2                   (PROCEEDINGS CONCLUDED AT 3:06 P.M.)
 3
 4
 5
 6                        CERTIFICATE OF REPORTER
 7           I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE
 8    UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY
 9    CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE
10    RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
11
12                    _____
13                    DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
14                          WEDNESDAY, APRIL 15, 2015
15
16
17
18
19
20
21
22
23
24
25
```