FILED

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10030 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00094-YGR-1 |
| v. | |
| CLARENCE LEE ANDREWS, Clarence Andrews, AKA Clee, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued May 11, 2016
San Francisco, California

Submission Deferred July 28, 2016
Resubmitted April 24, 2017

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Defendant Clarence Andrews appeals a 210-month sentence and $52,238.36 restitution order imposed following his guilty-plea conviction for conspiracy to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

commit robbery in violation of 18 U.S.C. § 1951(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm the sentence but vacate the restitution order and remand for correction of the restitution amount.

      Andrews challenges the district court's restitution order for the first time on appeal, so we review for plain error. *See United States v. Santiago*, 466 F.3d 801, 804 (9th Cir. 2006). The government proffered evidence of a robbery committed within the undisputed dates of the conspiracy and with the same distinctive modus operandi as several robberies to which Andrews admitted involvement. This is enough to establish Andrews' culpability by a preponderance of the evidence for that robbery. *United States v. Riley*, 335 F.3d 919, 931 (9th Cir. 2003) ("Under [18 U.S.C.] § 3663A, in a case involving a conspiracy or scheme, restitution may be ordered for all persons harmed by the entire scheme."). The rental vehicle color discrepancy pointed out by Andrews does little to cast doubt on whether the robbery in question was committed in furtherance of the overall conspiracy. Although restitution was not imposed in error, we remand for correction of the ten-cent disparity between the orally pronounced restitution amount and the amount recorded in the district court's judgment. The oral pronouncement must control. *United States v. Kuo*, 620 F.3d 1158, 1163 (9th Cir. 2010).

Plain error review also applies to Andrews' argument that the district court imposed his sentence without a sufficient factual basis. He bears the burden of showing a reasonable probability that he would have received a different sentence absent any error. *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013). "[W]hen a defendant fails to object to the facts set forth in the [Presentence Investigation Report], the district court is not required to make any factual findings." *Santiago*, 466 F.3d at 804. Although Andrews correctly argues that the district court misstated some facts concerning his recruitment of others to the conspiracy, he has failed to show that any irregularity between the facts contained in the PSR and the facts recited by the district court at sentencing resulted in the imposition of a greater sentence.

Andrews received a sentencing enhancement as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. We review the district court's career offender designation de novo. *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009); *see also United States v. Kovac*, 367 F.3d 1116, 1118 (9th Cir. 2004). We reject Andrews' argument that the residual clause of U.S.S.G. § 4B1.2(a)(2)'s definition of "crime of violence" is unconstitutionally vague. The advisory sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017).

Andrews waived his argument that his two prior convictions for robbery under California Penal Code § 211 were not crimes of violence under the Guidelines, therefore we need not address it here. *See United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012).

Andrews' request for reassignment to a different judge is denied.

**AFFIRMED in part; VACATED in part; and REMANDED for minor correction of restitution order.**