**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**CLARENCE LEE ANDREWS,**<br>Defendant. | CASE NO. 4:14-cr-00094-YGR<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>Re: Dkt. No. 81 |

Defendant Clarence Lee Andrews is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the United States Petitionary in Lompoc, California ("USP Lompoc"), with an anticipated release date of January 23, 2029. Andrews moves for an order reducing his sentence to time served with the remaining balance of his original sentence imposed as a period of supervised release with home confinement and other conditions the Court deems just pursuant to 18 U.S.C. section 3582(c)(1)(A).

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence submitted in support of the motion and the presentencing report provided by U.S. Probation, the Court **DENIES** the motion.

## DISCUSSION

On March 14, 2014, Andrews pled guilty to a violation of 18 U.S.C. section 1951(a) (conspiracy to commit robbery affecting interstate commerce). On December 18, 2014, the Court sentenced Andrews to a term of imprisonment of 210 months in the custody of the Bureau of

---

[1] The Court has jurisdiction given that 30 days have elapsed since Andrews submitted a request for compassionate release on June 25, 2020 to the warden at USP Lompoc.

1   Prisons ("BOP") and 3 years of supervised release.  (Dkt. Nos. 41, 42.)  The BOP's website
2   reflects Andrews' release date as January 23, 2029.[2]

3         Section 3582 provides that a "court may not modify a term of imprisonment once it has
4   been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of
5   the defendant."  18 U.S.C. § 3582(c)(1)(A).  After considering the sentencing factors from 18
6   U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to
7   reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and
8   compelling reasons warrant such a reduction" and "that such a reduction is consistent with
9   applicable policy statements issued by the Sentencing Commission."  *Id*. § 3582(c)(1)(A)(i).

10         With respect to whether an "extraordinary or compelling reason" justifies release, Andrews
11   argues that he is particularly vulnerable to contracting and becoming seriously ill from the
12   ongoing coronavirus disease (COVID-19) pandemic.  Andrews avers that he suffers from chronic
13   kidney disease, hypertension, and prediabetes.  Andrews also notes that he has a testicular lump.
14   In response, the government notes that there is evidence in the record that both the chronic kidney
15   disease and testicular lump were resolved as of December 2020, and that the record reflects mixed
16   statements given by defendant as to his history of hypertension.  As for his prediabetes, the
17   government points out that his is not a condition that increases one's risk of severe illness from
18   COVID-19.   Therefore, at this juncture, the medical records do not currently support a finding of
19   an "extraordinary or compelling reason" for Andrews' release.

20         However, even assuming Andrews was able to demonstrate and satisfy an "extraordinary
21   or compelling reason" for his release, the Court considers the totality of the circumstances.  The
22   Court has reviewed its file in this matter thoroughly, including the Probation Office's
23   presentencing report submitted at the time.  The Court takes into account whether the defendant is
24   a danger to the safety of any other person or to the community, as provided in 18 U.S.C. section
25   3142(g), including: (1) the nature and circumstances of the offense charged; (2) the weight of the
26   evidence against the defendant; (3) criminal history and characteristics of the defendant; and (4)

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited February 25, 2021).

2

the nature and seriousness of the danger to any person or the community that would be posed by release.  18 U.S.C. § 3142(g).

The Probation Office's presentencing report and the overall record in this criminal action reflect that Andrews is a danger to the community.  In short, Andrews was sentenced for armed robberies that physically and emotionally injured dozens of victims.  Moreover, Andrews has a history that includes six failures to appear and five probation revocations, as well as two prior convictions for crimes of violence.  Thus, the nature and circumstances of his most recent offense, in addition to his criminal history, counsels against Andrews' early release as he would pose a danger to the community.  Accordingly, the specific facts of this case weigh against any granting of this motion.

Finally, the Court has also considered the factors under 18 U.S.C. section 3553(a), which do not support Andrews' request for compassionate release.  The Court previously rejected Andrews' request for a 96-month sentence in light of "the amount of violence that is affiliated with" Andrews.  (Dkt. No. 66 at 5.)  Granting this motion now would result in an effective sentence even less than his original 96-month request.  Moreover, any grant of relief would result in a term served of less than 50% of the actual sentence imposed.  Such facts do not appropriately re-balance the section 3553(a) factors to support a granting of this motion.

For the foregoing reasons, Andrews' motion to reduce sentence is **DENIED**.

This Order terminates Docket No. 81.

**IT IS SO ORDERED.**

Dated: March 1, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**